## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| KELLY MCSEAN, | ) |
| Plaintiff, | ) ) ) |
| v. | )   No. 4:23-CV-1072 HEA |
| DAN BULLOCK, et al., | ) ) ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff's second motion for leave to proceed in forma pauperis. (ECF No. 10). The Court will grant the motion for the reasons discussed below. The Court will also require plaintiff to amend her complaint using the Court-provided form.

### Initial Partial Filing Fee

Under 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis must pay the full amount of the filing fee. If the prisoner has insufficient funds in her prison account to pay the entire fee, the Court will assess an initial partial filing fee equal to the greater of either: (1) 20 percent of the average monthly deposits in the prisoner's account for the six months immediately preceding the filing of the lawsuit, or (2) 20 percent of the average monthly balance in the prisoner's account over the same six-month period. 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner must make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the prisoner has paid the fee in full. *Id*.

In support of her motion, plaintiff has submitted an inmate account statement that shows an average monthly deposit of $66.15. Thus, the Court will assess an initial partial filing fee of $13.23, representing 20 percent of plaintiff's average monthly deposits.

**Instructions for Amending Complaint**

Plaintiff initially filed this action with co-plaintiffs Aaron Sebastian, Dakota Pace, and Shawn Korando. The Court granted Korando's motion to withdraw on September 26, 2023. (ECF No. 7). The Court later struck Sebastian and Pace from this action for improper joinder. (ECF No. 8). Only plaintiff McSean remains. For this reason, and because the complaint is not on the proper form, the Court will order plaintiff to file an amended complaint on the Court-provided form. *See* E.D.Mo. L.R. 2.06(A).

Plaintiff shall amend her complaint using the Court's "Prisoner Civil Rights Complaint" form. In the "Caption" section of the form, plaintiff must state the first and last name of each defendant, if known. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."). If there is not enough room in the caption, plaintiff may include additional sheets of paper. In any case, plaintiff must clearly list all defendants and state whether she intends to sue each in their individual capacity, official capacity, or both. Plaintiff should avoid naming any defendant that is not directly related to her claim(s). Plaintiff should put her case number in the appropriate location on the upper right-hand section of the first page.

In the "Statement of Claim" section, plaintiff should begin by writing a defendant's name. Then, in separate numbered paragraphs under that name, plaintiff should: (1) set forth a short and plain statement of the factual allegations supporting her claim against that defendant; and (2) state what constitutional or federal statutory right(s) that defendant violated. Each averment must be simple, concise, and direct. *See* Fed. R. Civ. P. 8(a). If plaintiff is suing more than one defendant,

she should proceed in the same manner with each defendant. No introductory or conclusory paragraphs are necessary.

Plaintiff should only include claims that arise out of the same transaction or occurrence. Put another way, all of plaintiff's claims must relate to each other in some way. *See* Fed. R. Civ. P. 20(a)(2). By contrast, if plaintiff is suing only a single defendant, she may set forth as many claims as she has against that individual. *See* Fed. R. Civ. P. 18(a).

Plaintiff's failure to make specific factual allegations against any defendant will result in the dismissal of that defendant. If plaintiff is suing a defendant in their individual capacity, she must allege facts demonstrating that defendant's personal responsibility for the alleged harm. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). If plaintiff is suing multiple defendants, she must establish the responsibility of each defendant for the alleged harm. That is, for each defendant, plaintiff must allege facts showing how that defendant's acts or omissions violated her constitutional rights. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014). A conclusory allegation about a defendant's supervisory role will not suffice. *See Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability.") (citation and internal quotation marks omitted).

Plaintiff must fill out the complaint form completely, including the "Injuries" section. There is no constitutional violation where an inmate cannot show she suffered an injury or adverse health consequence. *See Seltzer-Bey v. Delo*, 66 F.3d 961, 964 (8th Cir. 1995). "Claims under the Eighth Amendment require a compensable injury to be greater than *de minimis*." *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). "While a serious injury is not necessary, some actual injury is

3

required in order to state an Eighth Amendment violation." *White v. Holmes*, 21 F.3d 277, 281 (8th Cir. 1994).

The Court advises plaintiff that an amended complaint completely replaces the original complaint. That is, any claims not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect.").

After receiving the amended complaint, the Court will review it under 28 U.S.C. § 1915. If plaintiff does not file an amended complaint on the Court-provided form within twenty-one (21) days per the above instructions, the Court will dismiss this action without prejudice and without further notice to plaintiff.

**Motion to Appoint Counsel**

Plaintiff has also filed a motion to appoint counsel. (ECF No. 13). A litigant in a civil case does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

4

Having reviewed these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has yet to file a complaint that survives initial review. Further, plaintiff has demonstrated up to this point that she can adequately present her claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court may entertain future motions for appointment of counsel as the case progresses.

## Conclusion

The Court will grant plaintiff's second motion for leave to proceed in forma pauperis. Plaintiff shall pay the initial partial filing fee and file an amended complaint within twenty-one (21) days of the date of this Order. The Court will deny plaintiff's motion to appoint counsel and "Motion to Combine the Cost of the 20% Payment of All Cases."

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's second application to proceed in the district court without prepaying fees or costs is **GRANTED**. (ECF No. 10).

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $13.23 within **twenty-one (21) days** of the date of this Order. Plaintiff shall make her remittance payable to "Clerk, United States District Court," and shall include upon it: (1) her name; (2) her prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that within **twenty-one (21) days** of the date of this Order, plaintiff shall file an amended complaint on the Court-provided form in accordance with this Court's instructions.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED** without prejudice. (ECF No. 13).

**IT IS FURTHER ORDERED** that plaintiff's "Motion to Combine the Cost of the 20% Payment of All Cases" is **DENIED**. (ECF No. 13).

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 22nd day of April, 2024.

                                          HENRY EDWARD AUTREY
                                        UNITED STATES DISTRICT JUDGE