UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KELLY MCSEAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-cv-01072-HEA |
| | ) |
| DAN BULLOCK, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

Plaintiff Kelly McSean, a self-represented litigant, has filed an amended complaint. (ECF No. 16). Because McSean is proceeding *in forma pauperis*, the Court must review the amended complaint under 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court dismisses this case without prejudice.

**I.      Background**

McSean is a pretrial detainee at the St. Francois County Detention Center. (ECF No. 16 at 2). She sues Sheriff Dan Bullock, Chief Custody Officer Greg Armstrong, Administrator Randy Camden, and Lieutenant Hardy White in their individual and official capacities. *Id*. at 2–4. According to McSean, all defendants work at the jail. *Id*.

McSean alleges that on January 24, 2023, Sheriff Dan Bullock placed her in disciplinary segregation without justification. *Id*. at 4. She asserts that she did not receive a hearing or written explanation for her placement. *Id*. at 4–6. McSean further alleges that the lack of explanation caused her mental distress and suicidal thoughts. *Id*. at 5. She states that she remained in disciplinary segregation until March 5, 2024. *Id*. She repeats these allegations, largely verbatim,

against each defendant. *Id*. at 4–12. McSean does not allege additional facts distinguishing the conduct of one defendant from another.

## II.     Legal Standard

Because McSean is proceeding *in forma pauperis*, her amended complaint is subject to initial review under 28 U.S.C. § 1915(e)(2). That provision requires the Court to dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must demonstrate a plausible claim for relief, which requires more than a "mere possibility of misconduct." *Id*. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556).

When reviewing a complaint filed by a self-represented person under § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court need not

assume unalleged facts. *Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

**III.   Discussion**

McSean brings claims under the Due Process and Equal Protection Clauses of the Fourteenth Amendment. (ECF No. 16 at 4–12). She sues Defendants in their individual and official capacities. *Id*. at 2–4.

  **1.   Official-capacity claims**

An official-capacity claim against an individual is treated as a claim "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Put another way, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (explaining that a plaintiff who sues public employees in their official capacities "sues only the public employer").

Here, McSean alleges that Defendants work for the St. Francois County Detention Center. (ECF No. 16 at 2–4). However, the Detention Center, as a subdivision of local government, is not a suable entity. *See, e.g., Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (affirming summary judgment in favor of county jail because "county jails are not legal entities amenable to suit"). Accordingly, McSean cannot maintain official-capacity claims against Defendants based solely on their employment at the Detention Center.

To the extent McSean intended to assert claims against St. Francois County itself, she must plausibly allege that the challenged conduct resulted from a County policy, a widespread custom, or a deliberately indifferent failure to train. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

In her amended complaint, McSean repeatedly characterizes the challenged conduct as the product of "unwritten" or "unofficial" customs. She alleges that the individual defendants acted pursuant to "unofficial customs and practices," that those "unofficial customs" violated her rights, and that the individual defendants' actions had "become an unofficial custom" of the Detention Center. *Id*. at 4–12.

While a plaintiff need not identify a specific unconstitutional policy or custom, she must allege facts that would support the existence of such a policy or custom. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). Even construed liberally, McSean's conclusory allegations do not meet that standard. She does not plead facts showing that any policy or custom caused the alleged constitutional injury. Instead, she relies on conclusory labels, which are not sufficient under *Monell*. *See Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (holding that conclusory allegations of a policy or custom, without supporting facts, fail to state a *Monell* claim).

For these reasons, the Court dismisses McSean's official-capacity claims.

**2. Individual-capacity claims**

To state an individual-capacity claim under 42 U.S.C. § 1983, McSean must allege facts showing that each defendant personally participated in the alleged constitutional violation. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).

McSean alleges that Sheriff Dan Bullock, Chief Custody Officer Greg Armstrong, Administrator Randy Camden, and Lieutenant Hardy White each "placed" her in disciplinary segregation and thereafter failed to provide a hearing or explanation. (ECF No. 16 at 4–12). She repeats her allegations in largely identical terms as to each defendant. *Id*.

4

The amended complaint, however, does not plead facts describing what actions any individual defendant took, how each defendant personally participated in the decision to place or keep her in segregation, or how any defendant's conduct differed from that of the others. Instead, McSean relies on conclusory assertions and collective allegations that treat all defendants alike.

The Court recognizes the gravity of McSean's allegations, particularly her claim that she spent over thirteen months in disciplinary segregation without explanation or hearing. However, by attributing the exact same conduct to all four defendants collectively, McSean fails to provide facts showing the specific personal involvement of each defendant, making it impossible to determine the individual liability required by § 1983. *See S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015) ("Government officials are personally liable only for their own misconduct."). The amended complaint also does not allege facts suggesting the discriminatory intent or disparate treatment necessary to support an equal-protection claim against any individual defendant.

Therefore, the Court dismisses McSean's due-process and equal-protection claims against Defendants in their individual capacities.

**IV.   Conclusion**

For the foregoing reasons, the Court dismisses this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

A separate Order of Dismissal accompanies this Opinion, Memorandum and Order.

Dated this 7th day of January, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE